IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TALRON COLEMAN                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO. 3:20-cv-195-DPJ-FKB

LIEUTENANT RODNEY JONES; and
OFFICER MARSHALO NAYLOR                                                          DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [31], Plaintiff's Motion for Medical Records and Camera Footage [39], and Motion for Summary Judgment to Motion for Leave to File Supplement to Defendants [63].[1] Having considered the parties' submissions, the undersigned recommends that Defendants' summary judgment motion [31] be granted; Plaintiff's motion for medical records and video footage [39] be denied as moot; and Plaintiff's motion [63] for summary judgment be terminated.

I.   Factual Background

Plaintiff Talron Coleman is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). At the time of the incident giving rise to this action, Coleman was incarcerated at the East Mississippi Correctional Facility ("EMCF"). He is proceeding *pro se* and *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"). He claims that Lieutenant Rodney Jones and Officer Marshalo Naylor violated the Eighth

---

[1] Although Plaintiff's motion [63] is styled a "Motion for Summary Judgment," the Court has construed the document as a one-sentence response to Defendants' supplement [61] to their summary judgment motion [31].

1

Amendment prohibition against cruel and unusual punishment, and he has brought this suit pursuant to 42 U.S.C. §1983.

Coleman alleges that Jones assaulted him on or about September 15, 2019, while Naylor recorded the incident and failed to intervene. [12] at 8.[2] According to Coleman, the events leading up to the incident included a verbal altercation between Coleman and Officer Jasmine Fluker over her decision to deny him an evening food tray. *Id.* at 6.  Coleman has stated that since he did not want to go hungry and wanted to get someone's attention, he started a fire and stuck his leg through the food tray flap of his cell door. *Id.*  Coleman complains that Jones then handled his foot from the other side of the tray flap, twisting his foot and using the steel flap to apply force to his leg. *Id.* at 6-7.  Later, Coleman was taken to the hospital and received three stitches in his knee. *Id.* at 5.

The parties do not dispute that Coleman filed a first step grievance with EMCF's Administrative Remedy Program ("ARP") the following day. [31-1] at 6.  The parties, however, disagree as to what happened next.  Defendants contend that Coleman's grievance was rejected, and that Coleman was provided written notice of the rejection.  *See* [31-1] at 2.  Coleman, on the other hand, maintains that he never received any response from the first step of the ARP grievance process and points to the fact that the Inmate Receipt form does not include his name or MDOC number. *Id.* at 7; [55] at 4; [60] at 5.  Defendants have moved for summary dismissal of Coleman's case due to failure to exhaust the administrative remedies available through the ARP.

II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[2] Page 5-A was inadvertently omitted from Plaintiff's original complaint [1]; the full complaint including page 5-A is docketed at [12].

Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

### III.  Analysis

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit:

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah County*, Miss., 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is appropriate where an inmate has

3

> failed to properly exhaust the administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement—the grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act. *Wright*, 260 F.3d at 358.

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016).

The MDOC's Administrative Remedy Program is a two-step process. [31-1] at 1. Initially, inmates submit their grievances within thirty days of an alleged incident, and if the grievance is accepted into the ARP, the appropriate official will issue a first step response. *Id.*; *see also Howard v. Epps*, Civil Action No. 5:12-cv-61 KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). If dissatisfied with the response, an inmate may then continue to the second step, after which the inmate may file suit if displeased with the second step response. *Id.*; *see also Howard*, 2013 WL 2367880, at *2. Of critical importance in this action, the MDOC grievance procedure also provides that "expiration of response time limits" on the part of prison officials "will entitle the offender to move on to the next Step in the process." [31-2] at 5.

Defendants argue that Coleman never proceeded past the first step of the ARP process, thereby failing to exhaust his administrative remedies regarding the alleged constitutional violations. Coleman counters that he was unable to proceed since he never received a response to his first grievance. This Court has previously recognized that "[t]he failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Peters v. Woodall*, Civil Action No. 2:09-cv-178-KS-MTP, 2010 WL 4615748, at *3 (S.D. Miss. Sept. 10, 2010) (quotation and citations omitted); *see also Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015); *Dowdle v. Fisher*, Civil Action No. 3:16-cv-102-HTW-LRA, 2017 WL

4

3425744, at *3 (S.D. Miss. June 30, 2017).  Therefore, having failed to move beyond the first step of the ARP process prior to filing the instant lawsuit, Coleman has not satisfied the exhaustion requirement of the PLRA, and his claims should be dismissed.

## IV.   Conclusion

The undersigned therefore recommends that Defendants' Motion for Summary Judgment [31] be granted and that Plaintiff's motion [39] for medical records and camera footage be denied as moot and the motion [63] for summary judgment be terminated as its content does not request relief from the Court and appears to be a responsive pleading as opposed to a motion.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 3rd day of August, 2021.

    /s/ F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE