UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TALRON COLEMAN                                                    PLAINTIFF

V.                                        CIVIL ACTION NO.:  3:20-CV-195-DPJ-FKB

LIEUTENANT RODNEY JONES; and                              DEFENDANTS
OFFICER MARSHALO NAYLOR

ORDER

Plaintiff Talron Coleman has filed suit pursuant to 42 U.S.C. § 1983, alleging an Eighth

Amendment violation by Defendants Lieutenant Rodney Jones and Officer Marshalo Naylor

during Coleman's stay at East Mississippi Correctional Facility.  The matter is now before the

Court on the Report and Recommendation [69] of United States Magistrate Judge F. Keith Ball

addressing three motions:  (1) Defendants' Motion for Summary Judgment [31]; (2) Plaintiff's

Motion for Medical Records and Camera Footage [39]; and (3) Plaintiff's Motion for Summary

Judgment [63].

The Prison Litigation Reform Act requires incarcerated and detained persons to exhaust

available administrative remedies prior to bringing an action under § 1983.  42 U.S.C.

§ 1997e(a).  The Mississippi Department of Corrections ("MDOC") provides a two-step

Administrative Remedy Process ("ARP"):  Complainants must first submit a letter setting out the

basis for the claim and the relief sought to the ARP Director.  MDOC Policy [31-2] at 4–5.  If

dissatisfied with the resulting response, the complainant may appeal by mailing a First Step

Response Form to the ARP Director, briefly indicating "a reason for their dissatisfaction with the

previous response."  MDOC Inmate Handbook (Excerpts) [31-3] at 1.  Each step is subject to a

45-day response-time limit, such that a failure to respond to the complaint within that time limit

will entitle the complainant to "move on to the next Step."  MDOC Policy [31-2] at 5.

Defendants argue that Coleman never proceeded beyond the first step of the MDOC ARP process, and the parties agree that no First Step Response Form was filed.  R&R [69] at 4. Coleman contends that he was unable to provide a reason for his dissatisfaction with the step-one response because he never received such a response.  *Id.*  But the alleged failure to respond by the ARP Director only entitled Coleman to proceed to the second step of the process, which required him to send a Response Form.  *See* MDOC Policy [31-2] at 5.  As correctly noted by Judge Ball, the failure to send such a form is a failure to "'pursue the grievance remedy to conclusion. . . .'  [I]t is only if the prison fails to respond at the *last* step of the grievance process that the prisoner becomes entitled to sue . . . ." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (quoting *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)); *see* R&R [69] at 4–5.  In short, even in the absence of an initial response, a complainant must file an appeal to initiate the second step of the MDOC process.

Coleman filed no objections to the Report and Recommendation, and the time to do so has now passed.  The Court, having fully reviewed the unopposed Report and Recommendation [69], finds that it should be adopted as the opinion of this Court.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [69] of United States Magistrate Judge F. Keith Ball be adopted as the finding of the Court.  Defendant's Motion for Summary Judgment [31] is granted.  Plaintiff's Motion for Medical Records and Camera Footage [39] is denied as moot.  And, as deduced by Judge Ball, the Court finds that Plaintiff's Motion for Summary Judgment [63] was, in fact, a responsive pleading; it is terminated.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of August, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE